**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Justin Johnson,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Rock Bottom Restaurants, Inc.,**<br><br>**Defendant.** | **United States District Court**<br>**Civil No. 01-1546JMR/SRN**<br><br>**NOTICE OF**<br>**SETTLEMENT CONFERENCE** |
| **Frederick Scott Schwartz,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Rock Bottom Restaurants, Inc.,**<br><br>**Defendant.** | **United States District Court**<br>**Civil No. 01-1653 MJD/JGL**<br><br>**NOTICE OF**<br>**SETTLEMENT CONFERENCE** |
| **Curt VanRisseghem,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Rock Bottom Restaurants, Inc., and David Rayer,**<br><br>**Defendants.** | **State of Minnesota**<br>**Hennepin County District Court**<br>**Court File No. EM 01-013265**<br><br>**NOTICE OF**<br>**SETTLEMENT CONFERENCE** |

TO: Donald H. Nichols, Esq., Nichols, Kaster & Anderson, 4644 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, attorneys for Plaintiffs Justin Johnson, Frederick Scott Schwartz and Curt VanRisseghem.

Filed JAN 1 5 2002
Richard D. Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

Mary E. Stumo, Esq., and Angela M. Crandall, Esq., Faegre & Benson, 2200 Norwest Center, 90 South 7th Street, Minneapolis, MN 55402-3901, attorneys for Defendant Rock Bottom Restaurants, Inc.

Mary O'Brien, Esq., Meagher & Geer PLLP, 33 South 6th Street, Suite 4200, Minneapolis, MN 55402, attorneys for Defendant David Rayer.

A settlement conference will be held in the above-referenced matters on **February 21, 2002, at 9:30 a.m.,** in Suite 242, Federal Building, 316 North Robert Street, St. Paul, Minnesota, before Magistrate Judge Susan Richard Nelson.

Counsel who <u>will actually try the case</u> and <u>each party</u>, <u>armed with full settlement authority</u>, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved, the responsible agent must be present. This means that each party must attend through a person who has the <u>power</u> to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

Trial counsel shall meet in person with one another on or before **February 7, 2002,** to seek to achieve an agreement to resolve this dispute. If complete agreement is not reached, each attorney shall deliver to chambers on or before **February 14, 2002**, a letter which shall include: (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; and (5)

a reasoned analysis justifying their client's last stated settlement position as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

Dated: January 15, 2002

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge